BLD-039                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1338
_____

LUCINO JUAREZ-VARGAS,
                                               Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-495-679)
Immigration Judge:  Pallavi S. Shirole
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 1, 2022

Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit Judges</u>

(Opinion filed: December 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lucio Juarez-Vargas petitions for review of a decision and order of the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Presently before the Court is the Government's motion for summary disposition of the petition for review. For the foregoing reasons, we grant the Government's motion and will dismiss the petition for review.

Juarez-Vargas, a citizen of Mexico, entered the United States without inspection in 2002. In 2013, he was arrested and detained for possession of marijuana. The Department of Homeland Security (DHS) charged him with being removable for being present in the United States without having been admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i). Juarez-Vargas was released from DHS custody but later missed a hearing at which an immigration judge (IJ) ordered him removed in absentia. In 2016, Juarez-Vargas successfully moved to reopen the proceedings, and, in July 2021, he filed the counseled application for cancellation of removal at issue here. Since immigration proceedings were initiated in 2013, Juarez-Vargas was arrested six more times and convicted of driving while intoxicated, hindering, and public nuisance (downgraded from a simple assault).

During the proceedings regarding his cancellation application, Juarez-Vargas argued that he met the statutory criteria for relief, including that his removal would result in "exceptional and extremely unusual hardship" to his two U.S. citizen minor children

and U.S. citizen wife.[1]  As the IJ acknowledged, both children—ages 13 and 8 at the time of proceedings—had Individual Education Plans (IEP) due to speech and language delays, and Petitioner's testimony as well as that of his U.S. citizen wife and of the children's mother established that Juarez-Vargas has supported his children emotionally and sustained them financially.  The IJ concluded that Petitioner satisfied the statutory criteria for cancellation except that he had not shown that his children and wife would suffer the requisite hardship from his removal.  See IJ Dec. at 16-20.  The IJ confirmed that Juarez-Vargas' removal would cause economic hardship and emotional harm, but that he did not show exceptional hardship or that it would substantially differ from another person's challenges in a similar position.  Id. at 20.  In addition, the IJ also declined to grant the cancellation application as a discretionary matter because Petitioner's negative factors outweighed the favorable equities in light of his criminal record of arrests and convictions after immigration proceedings commenced in 2013.  Id. at 21-23.  In particular, the IJ noted that Petitioner had bonded out of immigration custody three times but was nonetheless arrested on other charges after the 2013 marijuana possession, including incidents where he drove after drinking (and hit a parked

---

[1] Nonpermanent residents for cancellation relief must demonstrate: physical presence in the U.S. for a continuous period of at least 10 years, good moral character during that period, no disqualifying convictions, and that removal would result in exceptional and extremely unusual hardship to a qualifying relative.  See 8 U.S.C. § 1229b(b)(1)(A)-(D).  Successful applicants must also show that they merit a favorable exercise of the Attorney General's discretion.  See 8 U.S.C. § 1229b(b)(1); Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

car in 2017), gave false information to police (2018), and allegedly assaulted the mother of his children (2018) and his wife (2020). Id.

Juarez-Vargas appealed to the Board of Immigration Appeals ("BIA"), challenging aspects of the IJ's ruling denying his application for cancellation. By single member, the BIA addressed Petitioner's arguments raised in his counseled brief, but found that each lacked merit. See BIA Dec. at 2. The BIA dismissed the appeal and affirmed the IJ's decision. Juarez-Vargas filed a counseled petition for review in this Court. After he filed his opening brief,[2] the Government filed a motion to summarily deny the petition for review under 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). However, under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review discretionary decisions, including the agency's discretionary denial of cancellation. See Patel v. Garland, 142 S. Ct. 1614, 1622 (2022); see also Pareja v. Att'y Gen., 615 F.3d 180, 188 (3d Cir. 2010) ("[T]he ultimate decision to grant or deny cancellation of removal[] is discretionary and therefore beyond our jurisdictional purview."). Despite that jurisdictional limitation, we may exercise jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D).

---

[2] The Government's motion in this case was appropriately filed under 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6.

As noted above, the agency cited two primary reasons for declining Juarez-Vargas' cancellation application: Petitioner's failure to show exceptional and extremely unusual hardship to his U.S. citizen family members, and his failure to demonstrate that he merited a favorable exercise of discretion. See IJ Dec. at 16-20, 21-23; BIA Dec. at 1-3. There is no debate that the agency's decisions on those grounds are within its discretion and are therefore outside of our jurisdiction. See Hernandez-Morales v. Att'y Gen., 977 F.3d 247, 249 (3d Cir. 2020) (hardship); see also Pareja, 615 F.3d at 188 (discretion).

To avoid this jurisdictional problem, Juarez-Vargas argues in opposition to the motion that the BIA made legal errors with respect to the exceptional and extremely unusual determination. See Opposition at 3-7. He argues that it was error for the BIA to affirm the IJ's rulings because the IJ did not properly assess hardship to Petitioner's wife, see id. at 6, and failed to consider the evidence of hardship to the children and his wife cumulatively, see id. at 7. We have explained that "a disagreement about weighing hardship factors" constitutes "a discretionary judgment call, not a legal question." Hernadez-Morales, 977 F.3d at 249. Further, Juarez-Vargas' argument that the agency did not consider the evidence cumulatively is also merely a disagreement with the manner in which the agency weighed the evidence in his case—again, not a legal question. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (explaining that claims "that [the agency] incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)").

5

Finally, Juarez-Vargas maintains that the BIA did not review de novo the IJ's application of the "exceptional and extremely unusual hardship" standard to the facts, despite its statements several times that it had conducted de novo review. Opp. at 5-6. In particular, he argues that the BIA failed to reference the children's special educational needs in its decision, and that its decision did not reflect an "in-depth analysis of the hardship" to Juarez-Vargas' wife. Opp. at 6. But the fact that the BIA affirmed the IJ's rulings largely for the reasons provided by the IJ does not in itself demonstrate that the BIA employed an overly deferential standard of review. We note that, in addition to expressly stating that it had conducted a de novo review, the BIA specifically addressed questions raised by Petitioner in his BIA brief. See BIA Dec. 1-2. Although the BIA *could* have provided more detail behind the IJ's points it found persuasive, Petitioner does not rely on any authority indicating that it *had* to. Cf. Calderon-Rosas v. Att'y Gen., 957 F.3d 378, 387 (3d Cir. 2020).[3] We have no difficulty discerning from the BIA's decision that it considered the issues raised and that it "has heard and thought and not merely reacted." Id. (citation and quotation marks omitted).

For these reasons, we grant the Government's motion because "no substantial question is presented" by Juarez-Vargas' petition. 3d Cir. L.A.R. 27.4. We accordingly will dismiss the petition for review.

---

[3] The Government correctly argues that the agency's alternative basis for denying the cancellation application—declining to exercise its discretion after weighing relevant equities—is independently dispositive and is not reviewable in the absence of colorable constitutional or legal claims. See Pareja, 615 F.3d at 188.